# Exhibit 1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**VENITA SIMS,**

    Plaintiff,

v.                                                 Case No. 25-      -NO
                                                 Hon.

**TURK HAVA YOLLARI ANONIM ORTAKLIGI,
dba TURKISH AIRLINES,**

    Defendant.
_____/

**TODD J. STEARN (P51496)**
LAW OFFICES OF TODD J. STEARN, P.C.
Attorneys for Plaintiff
29829 Greenfield Rd., Ste. 101
Southfield, MI 48076
248-744-5000
_____/

There is no other civil action between these parties arising out of the same transaction or occurrence alleged in this Complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

                        /s/ TODD J. STEARN
                        Todd J. Stearn (P51496)

## COMPLAINT

NOW COMES the Plaintiff, VENITA SIMS, by and through her attorneys, and for her complaint against the above-named Defendant states unto this Honorable Court as follows:

### Jurisdiction and Venue

1.    The Plaintiff, VENITA SIMS is a resident of the City of Inkster, County of Wayne and State of Michigan.

2.    For all relevant times, the above-named Defendant, TURK HAVA YOLLARI ANONIM ORTAKLIGI, was a foreign corporation doing business as Turkish Airlines and was

25-016540-NO FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   10/21/2025 12:59 PM   Amanda Walker

25-016540-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 10/21/2025 12:59 PM Amanda Walker

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**VENITA SIMS,**

    Plaintiff,

v.

**TURK HAVA YOLLARI ANONIM ORTAKLIGI, dba TURKISH AIRLINES,**

    Defendant.

Case No. 25-    -NO
Hon.

_____/

**TODD J. STEARN (P51496)**
LAW OFFICES OF TODD J. STEARN, P.C.
Attorneys for Plaintiff
29829 Greenfield Rd., Ste. 101
Southfield, MI 48076
248-744-5000
_____/

There is no other civil action between these parties arising out of the same transaction or occurrence alleged in this Complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

/s/ TODD J. STEARN
Todd J. Stearn (P51496)

## COMPLAINT

NOW COMES the Plaintiff, VENITA SIMS, by and through her attorneys, and for her complaint against the above-named Defendant states unto this Honorable Court as follows:

### Jurisdiction and Venue

1. The Plaintiff, VENITA SIMS is a resident of the City of Inkster, County of Wayne and State of Michigan.

2. For all relevant times, the above-named Defendant, TURK HAVA YOLLARI ANONIM ORTAKLIGI, was a foreign corporation doing business as Turkish Airlines and was

responsible for the Turkish Airlines area at Detroit Metropolitan Airport, Evans Terminal in the City of Romulus, County of Wayne and State of Michigan. The resident agent is CT Corporation System, 40600 Ann Arbor Rd., Ste. 201, Plymouth, MI 48170.

3. The amount in controversy herein exceeds $25,000.00 exclusive of interest, costs or attorney's fees.

4. The events in controversy herein took place in the County of Wayne and State of Michigan.

## General Allegations

5. On June 10, 2025, the Plaintiff was employed as a janitor for Preferred Business Systems and part of her job was to provide janitorial services to Turkish Airlines.

6. On said date, the Plaintiff was walking across a Turkish Airlines conveyor belt which was the only way of accessing the Turkish Airlines counter areas.

7. On said date, an employee of the Defendant turned on the conveyor belt while the Plaintiff was walking across the conveyor belt, causing the Plaintiff to fall to the ground.

8. The Defendant is responsible for the negligent acts and/or omissions of its employees.

## Count I - Breach of Duty of Reasonable Care

9. The Defendant had a duty to exercise reasonable care and to avoid harm when acting.

10. Defendant had a duty to act non-negligently.

11. At all times herein mentioned, Plaintiff was in the exercise of due care and caution and free from negligence on Plaintiff's part.

12. On said date, the Defendant voluntarily turned on the conveyor belt while the

2

Plaintiff was walking on said belt.

13. The Defendant owed duties to Plaintiff, and, notwithstanding said duties, Defendant did violate and breach the same in the following particulars:

    a. Negligently turned on the conveyor belt;
    b. Failed to exercise due care and caution as they acted;
    c. Failed to pay due attention to the conditions of the ladder;
    d. Failing to take reasonable steps for the prevention of injuries and to warn its invitees of potential foreseeable dangers.
    e. Failing to warn Plaintiff of all reasonably foreseeable dangers;
    f. Failing to provide notice or warning to the Plaintiff, who was lawfully upon the Premises, of the dangerous and hazardous condition that Defendant knew, or should have known, existed on the Premises;
    g. Failing to act in such a way so as to not create a dangerous and hazardous condition for persons who were upon the premises;
    h. Such other breaches of the standard of care as are discovered throughout the course and scope of this case.

14. As a direct and proximate result of the Defendant's breach of the duty of reasonable care, the Plaintiff suffered injuries to wit:

    a. Lumbar radiculopathy;
    b. Ongoing back pain;
    c. Left shoulder injury requiring surgery;
    d. Such other injuries as are determined throughout the course of this case.

15. Defendant's negligence may have exacerbated a pre-existing condition from which the Plaintiff suffered.

16. As a direct and proximate result of the negligence, and carelessness of the Defendants, the Plaintiff has sustained injuries which include, but are not limited to:

    a. lost wages, past and future;
    b. lost potential for employment promotions and advancements.
    c. loss due to decreased effectiveness at employment;
    d. pain, and suffering, past and future, including but not limited to:
        1) physical pain and suffering;
        2) mental anguish;
        3) denial of social pleasure;
        4) embarrassment, humiliation and mortification;
    e. Medical expenses, past, present and future;

      f.      Such other damages as are allowable by Michigan law.

WHEREFORE, for all of the above reasons, the Plaintiff respectfully requests an award in her favor and against the Defendant for the injuries and damages so wrongfully sustained.

## Count II – Negligence/Premises Liability

17.    The Plaintiff hereby realleges and restates the allegations as though fully set forth herein.

18.    At all times herein mentioned and at the time of the committing of the grievances by the Defendants and the sustaining of injuries by the Plaintiff as herein alleged, the Defendants invited the public, including your Plaintiff, onto the premises.

19.    The Defendants knew or should have known of a dangerous condition created by turning on a conveyor belt while someone was walking on the conveyor belt.

20.    The Defendants created a dangerous condition when they turned on a conveyor belt while someone was on the conveyor belt.

21.    Defendants knew or should have known that the Plaintiff did not know of the dangerous condition or that Plaintiff would not take steps to protect herself.

22.    At all times herein mentioned, Plaintiff was in the exercise of due care and caution and free from negligence on Plaintiff's part.

23.    The Defendants owed a duty to your Plaintiff, and, notwithstanding said duties, Defendants did violate and breach the same in the following particulars:

      a.      Negligently turned on the conveyor belt;.
      b.      Failing to take reasonable steps for the prevention of injuries and to warn its invitees of potential foreseeable dangers.
      c.      Failing to warn Plaintiff of all reasonably foreseeable dangers.
      d.      Failing to provide notice or warning to the Plaintiff, who was lawfully upon the premises, of the dangerous and hazardous condition that Defendant knew, or should have known, existed on the premises.
      e.      Failing to warn the Plaintiff of the dangerous condition that existed upon

4

        the premises when Defendant knew, or should have known, that Plaintiff had no way of knowing of the dangerous condition.

    f. Creating a dangerous condition by turning on the conveyor belt;
    g. Failing to provide a safe working environment.
    h. Failing to make the premises safe;
    i. Such other breaches of the standard of care as are discovered throughout the course and scope of this case.

24. As a direct and proximate result of the Defendant's breach of the duty of reasonable care, the Plaintiff suffered injuries to wit:

    a. Lumbar radiculopathy;
    b. Ongoing back pain;
    c. Left shoulder injury requiring surgery;
    d. Such other injuries as are determined throughout the course of this case.

25. Defendant's negligence may have exacerbated a pre-existing condition from which the Plaintiff suffered.

26. As a direct and proximate result of the negligence, and carelessness of the Defendants, the Plaintiff has sustained injuries which include, but are not limited to:

    a. lost wages, past and future;
    b. lost potential for employment promotions and advancements.
    c. loss due to decreased effectiveness at employment;
    d. pain, and suffering, past and future, including but not limited to:
        1) physical pain and suffering;
        2) mental anguish;
        3) denial of social pleasure;
        4) embarrassment, humiliation and mortification;
    e. Medical expenses, past, present and future;
    f. Such other damages as are allowable by Michigan law.

WHEREFORE, for all of the above reasons, the Plaintiff respectfully requests an award in her favor and against the Defendant for the injuries and damages so wrongfully sustained.

                                        Respectfully Submitted,

                                        **LAW OFFICES OF TODD J. STEARN, P.C.**

                                          /S/ Todd J. Stearn
                                        **TODD J. STEARN (P51496)**
                                        **Attorney for Plaintiff**

Dated: October 21, 2025